```
___ FILED        ___ RECEIVED
___ ENTERED      ___ SERVED ON
               COUNSEL/PARTIES OF RECORD

        DEC 2 2 2010

    CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PAUL SHEBANOW, as Representative and Executor of the ESTATE OF MICHAEL S. SHEBANOW,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST MAGNUS FINANCIAL CORP. et al.,<br><br>Defendants. | 3:10-cv-00765-RCJ-RAM<br><br>**ORDER** |

Plaintiff Paul Shebanow has sued several Defendants on behalf of the Estate of Michael S. Shebanow, his deceased father, over the foreclosure of a home owned by the Estate (the "Property"). Paul, the representative and executor of the Estate, also rents the Property, which is located at 3379 Forest View Lane in Reno, Nevada. Pending before the Court is Planitiff's Motion for Temporary Restraining Order (ECF No. 11) to prevent a trustee's sale on the Property scheduled for January 5, 2011. For the reasons given herein, the Court grants the motion.

I.  **FACTS AND PROCEDURAL HISTORY**

Michael Shebanow gave a deed of trust to lender First Magnus on September 28, 2005. (*See* DOT 1, Sept. 28, 2005, ECF No. 10, at 15). First American Title Co. ("First American") was the trustee. (*Id.* 2). First Magnus transferred both the loan itself and the servicing rights to Countrywide (now Bank of America) in the following weeks and notified Michael Shebanow of

both transfers. First American filed the Notice of Default as agent for Recontrust on February 10, 2010. (NOD 2, Feb. 10, 2010, ECF No. 10-1, at 4). The foreclosure was proper under Nevada Revised Statutes ("NRS") section 107.080(2)(c), because the original trustee filed the NOD. A foreclosure sale is allegedly scheduled by Recontrust for January 5, 2011, after having been rescheduled several times.

## II. LEGAL STANDARDS

Under Fed. R. Civ. P. 65(b), a plaintiff must make a showing that immediate and irreparable injury, loss, or damage will result to plaintiff without a temporary restraining order. Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order."). The standard for obtaining ex parte relief under Rule 65 is very stringent. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

The Ninth Circuit in the past set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the

1  probability of success decreases." *Id.*

2  The Supreme Court recently reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is "likely," not just possible. *Winter v. NRDC*, 129 S. Ct. 365, 374–76 (2008) (rejecting the Ninth Circuit's alternative "sliding scale" test). The Ninth Circuit has explicitly recognized that its "possibility" test was "definitively refuted" in *Winter*, and that "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 129 S. Ct. at 374) (reversing a district court's use of the Ninth Circuit's pre-Winter, "sliding-scale" standard and remanding for application of the proper standard).

12  A recent Ninth Circuit ruling relying largely on the dissenting opinion in *Winter* parsed the language of *Winter* and subsequent Ninth Circuit rulings and determined that the sliding scale test remains viable when there is a lesser showing of likelihood of success on the merits amounting to "serious questions," but not when there is a lesser showing of likelihood of irreparable harm. *See Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1052–53 (9th Cir. 2010). This case presents some difficulty in light of *Winter* and prior Ninth Circuit cases. To the extent *Cottrell*'s interpretation of *Winter* is inconsistent with *Selecky*, *Selecky* controls. *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc) (holding that, in the absence of an intervening Supreme Court decision, only the en banc court may overrule a decision by a three-judge panel). In any case, the Supreme Court stated in *Winter* that "[a] plaintiff seeking a preliminary injunction must establish that he is *likely* to succeed on the merits, that he is *likely* to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, *and* that an injunction is in the public interest." *Winter*, 129 S. Ct. at 374 (citing *Munaf v. Geren*, 128 S. Ct. 2207, 2218–19 (2008); *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542

1  (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)) (emphases added). The
2  test is presented as a four-part conjunctive test, not as a four-factor balancing test, and the word
3  "likely" modifies the success-on-the-merits prong in exactly the same way it separately modifies
4  the irreparable-harm prong. In rejecting the sliding-scale test, the *Winter* Court specifically
5  emphasized the fact that the word "likely" modifies the irreparable-injury prong, *see id.* at 375,
6  and the word modifies the success-on-the-merits prong the same way, *id.* at 374. In dissent,
7  Justice Ginsburg opined that she did not believe the Court was abandoning the rule that it was
8  permissible to "award[ preliminary injunctive] relief based on a lower likelihood of harm when
9  the likelihood of success is very high." *Id.* at 392 (Ginsburg, J., dissenting). But Justice
10 Ginsburg, like the majority, did not address whether she believed relief could be granted when
11 the chance of success was *less than* likely. A "lower likelihood" is still *some* likelihood. We are
12 left with the language of the test, which requires the chance of success on the merits to be at least
13 "likely."
14         In summary, to satisfy *Winter*, a movant must show that he is "likely" to succeed on the
15 merits. "Likely" means "having a high probability of occurring or being true." Merriam–Webster
16 Dictionary, http://www.merriam-webster.com/dictionary/likely. Black's defines the "likelihood-
17 of-success-on-the-merits test" as "[t]he rule that a litigant who seeks [preliminary relief] must
18 show a reasonable probability of success . . . ." *Black's Law Dictionary* 1012 (9th ed. 2009). The
19 Court must reconcile the cases by interpreting the *Cottrell* "serious questions" requirement to be
20 in harmony with the *Winter/Selecky* "likelihood" standard, not as being in competition with it.
21 The movant must therefore show that there are serious questions as to the merits of the case, such
22 that success on the merits is likely. A claim can be weaker on the merits if it raises "serious
23 questions" and the amount of harm the injunction will prevent is very great, but the chance of
24 success on the merits cannot be weaker than "likely."
25 ///

III. ANALYSIS

Plaintiff alleges statutory defects in foreclosure. The entity that filed the NOD as agent for Recontrust, however, First American, was the original trustee, so there is no defect under NRS section 107.080(2)(c). Plaintiff, however, also alleges a total lack of default. Plaintiff alleges that Paul Shebanow paid Michael Shebanow's mortgage in advance though 2012 while his father was still alive. If true, then no entity has the right to foreclose, and an action for wrongful foreclosure may lie, not only an action for an injunction. *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Counsel has signed the pleading, stating that "there is no default." (Mot. TRO 4:4–5, Dec. 20, 2010, ECF No. 11). The Court takes this to be true for the purposes of the present motion, but counsel has risked sanctions via this statement. If it eventually turns out to be false and the loan is in fact in default—as the loans in these cases almost invariably are—counsel can expect to be sanctioned, because the success of the present ex parte motion depends dispositively on counsel's representation that there is no default, as the foreclosure appears otherwise proper.

Paul Shebanow has attested to irreparable harm by sale of the Property. (*See* Shebanow Aff., Nov. 5, 2010, ECF No. 11-3).[1] Shebanow alleges in his affidavit that the sale was to be on December 1, 2010, (*see id.* ¶ 13), but the pleadings indicate the sale has been postponed to January 5, 2011. The Court will not be in session again before January 3, 2011, and the calendar on that date is already full. Thus, the Court grants the motion for temporary restraining order and sets oral argument on the motion for preliminary injunction for January 4, 2011, at 1:30 p.m. in Reno Courtroom 6.

## CONCLUSIONS

---

[1] Although he alleges he will lose his home, it is the Estate he represents that will lose its real property. The loss of title to real property is irreparable. Shebanow himself, however, is a renter with no private standing to oppose the foreclosure.

1    IT IS HEREBY ORDERED that the Motion for Temporary Restraining Order (ECF No.
2 11) is GRANTED.
3    IT IS FURTHER ORDERED that no entity shall sell the property located at 3379 Forest
4 View Lane, Reno, Nevada before 5:00 p.m. on January 4, 2011. The Motion for Preliminary
5 Injunction (ECF No. 12) will be heard on that date in Reno Courtroom 6 at 1:30 p.m.
6    IT IS FURTHER ORDERED that before January 1, 2011, Plaintiff's counsel shall enter
7 into the record his client's or his own affidavit attesting as to whether the Property is in probate
8 in this or any other state, the answer to which may affect the Court's jurisdiction. *See Markham*
9 *v. Allen*, 326 U.S. 490, 494 (1946).
10    IT IS SO ORDERED.

12    Dated this 22nd day of December, 2010.

_____
ROBERT C. JONES
United States District Judge